## C. J. SELDON *v.* THOMAS W. BULLITT, ETC.

**Clerks of Courts—Copying Record Fees—Record Confused.**

Where a record is much confused by the interlineation of the orders out of their proper place, and without any regard to the order in which the proceedings were had, the clerk is not entitled to charge any fee therefor.

9

APPEAL FROM LOUISVILLE CHANCERY CIRCUIT COURT.

February 17, 1872.

OPINION BY JUDGE PRYOR:

It is evident from the facts in this record that the appellee Bullitt should not be compelled to pay this debt twice to Mrs. Maguire or her assignees. The parties at his instance were compelled to interplead in order to determine their respective rights to the monies in his hands. Seldon and McDonald both assert their right to this judgment, or its amount in the hands of Bullitt. Bullitt is ready to pay the money to either one of the parties.

McDonald is not precluded from asserting his right to the judgment as he was no party to the suit instituted by Seldon. This is not a suit by Bullitt to vacate the judgment, but is in fact a suit by McDonald against Seldon claiming the amount of the judgment against Bullitt.

It is true that McDonald and Seldon get into court upon Bullitt's cross-petition filed after judgment, but after they are brought into court the controversy is really between them. The chancellor had jurisdiction to determine the rights of these parties to the money in Bullitt's hands. He has adjudged that it belongs to McDonald for the reason that Seldon, after his right to the money in Bullitt's hands, had tacitly consented to the transfer of this very money or the right to it to McDonald. Although the judgment had been rendered against Bullitt, there was nothing to prevent McDonald from asserting claim to it by reason of the assignment to him by Mrs. Naygin, and as the rights of McDonald and Seldon have been settled by a court having jurisdiction certainly as between these parties, McDonald and Seldon, we are not disposed to disturb the judgment. The judgment of the court below is affirmed. The record in this case is so much confused by the interlining of orders out of their proper place and without any regard to the order in which the proceedings were had that the clerk below is directed not to take any fee against either party for the services rendered by him in making the same out.

*L. A. Wood, for appellant.*

*Bullitt & Bullitt, Harris, Ward, for appellees.*